UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAIN STREET AMERICA ASSURANCE CO., | : <br> : <br> : Docket No.: 1:21-cv-11368 |
| Plaintiff, | : <br> : |
| V. | : <br> : |
| ASSOCIATED FRAMING CONTRACTORS, INC., DEBORAH HARDING, STEPHEN DANNER & O&A DANNER COMPANIES, LLC A/K/A A&O DANNER COMPANIES, INC. | : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## **COMPLAINT**

1. The plaintiff, Main Street America Assurance Company ("MSA"), is an insurance company organized under the laws of Florida with a principal place of business in Jacksonville, Florida.

2. Upon information and belief, the defendant, Associated Framing Contractors, Inc. ("Associated"), is a corporation organized under the laws of Massachusetts with a principal office at 66 George Street, Plainville, Massachusetts.

3. Upon information and belief, the defendant, Deborah Harding ("Harding"), is an individual who resides in Halifax, Massachusetts.

4. Upon information and belief, the defendant, Stephen Danner ("Danner"), is an individual who resides in East Weymouth, Massachusetts.

5. Upon information and belief, the defendant, O&A Danner Companies, LLC a/k/a A&O Danner Companies, Inc. ("A&O"), is a corporation organized under the laws of Massachusetts with a principal office at 15 Independence Rd, Plymouth, Massachusetts.

1

6. This is an action for declaratory judgment pursuant to Federal Declaratory Judgment Act, 28 U.S.C. § 2201 in which MSA seeks a declaration of the parties' rights and obligations under a policy of insurance issued by it to Associated.

7. Upon information and belief, the amount in controversy exceeds $75,000.000, exclusive of interest and costs.

8. Jurisdiction in this Court is proper under 28 U.S.C. § 1332(a)(1) in that MSA and the defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

9. Venue is proper in this Court under 28 U.S.C. § 1391(a) because Associated, who seeks coverage under the policy issued by MSA resides in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

10. MSA issued Businessowners Policy No. MPT2978J to Associated with effective dates of June 29, 2015 to June 29, 2016 ("the Policy"). A certified copy of the Policy is attached hereto as **Exhibit A**. MSA incorporates by reference the entire Policy as if fully set forth herein, and reserves its right to rely upon all terms, conditions, definitions, exclusions regardless of whether specifically stated herein.

11. Harding instituted action against A&O and Danner by way of Complaint filed with the Plymouth Superior Court, Commonwealth of Massachusetts on June 17, 2016 at which time the suit was captioned *Deborah Harding v. O&A Danner Companies, LLC and Stephen Danner* and assigned Docket No. 1683CV00637 (the "Underlying Suit"). A copy of the Complaint is attached hereto as **Exhibit B**.

12. A&O and Danner instituted action against Associated by way of Third Party Complaint filed in the Underlying Suit on February 21, 2017. A copy of the Third Party Complaint is attached hereto as **Exhibit C**.

13. The Complaint filed in the Underlying Suit asserts damages claimed by Harding against A&O and Danner arising out of a home improvement construction project at Harding's residence at 17 First Street, Halifax, MA resulting in substandard and defective work, including:

    (1) verbally agreeing to remove and replace the roof and demolishing the entire structure without a permit;

    (2) demolishing the entire structure without a permit which caused the Town of Halifax building inspector to shut down the project;

    (3) demolition of the entire structure necessitated the replacement of the septic system;

    (4) the plaintiff paid $85,000 for demolition work which was listed as costing $10,000 on Danner's bid; and

    (5) Danner forged the plaintiff's signature on the building permit application without consent.

14. The claims asserted by Harding against A&O and Danner in the Underlying Suit sound in breach of contract; violation of the Home Improvement Contractor statute, M.G.L. c. 142A, § 1; violation of M.G.L. c. 93A; breach of the covenant of good faith and fair dealing; and negligence.

15. The Third Party Complaint filed in the Underlying Suit asserts damages claimed by A&O and Danner against Associated arising out of a roofing and framing contractual agreement

dated December 14, 2015 relating to the home improvement contract at Harding's residence located at 17 First Street, Halifax, MA.

16. The Third Party Complaint further asserts that portions of the work that Harding alleged were substandard and defective, as well as the alleged damages and expenses to Harding were the result of Associated's work on the project.

17. The claims asserted by A&O and Danner against Associated in the Underlying Suit sound in common law indemnification; contribution; contractual indemnity; and breach of contract.

## COUNT I – DECLARATORY JUDGMENT – DUTY TO DEFEND

18. The plaintiff, MSA, repeats and realleges the allegations set forth in paragraphs 1-17 and incorporates them herein.

19. The Policy provides, in part, as follows:

    **A. Coverages**

    **1. Business Liability**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply…

    …

    b. This insurance applies:

    (1) To "bodily injury" and "property damage" only if:

        (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

20. The Policy also, in part, sets forth the following exclusions:

### B. Exclusions

#### 1. Applicable to Business Liability Coverage

This insurance does not apply to:

…

#### k. Damage To Property

"Property damage" to:

(1) …

(2) …

(3) …

(4) …

(5) That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

…

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

#### l. Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

#### m. Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it an included in the "products-completed operations hazard".

5

> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.
>
> **n. Damage To Impaired Property Or Property Not Physically Injured**
>
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
>
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

21. The Underlying Suit does not allege "bodily injury" or "property damage" as defined in the Policy.

22. The Underlying Suit does not allege covered damages caused by an "occurrence" as defined by the Policy.

23. Coverage for the Underlying Suit is excluded pursuant to Exclusions 1.k., 1.l., 1.m., and 1.m. set forth in the Policy.

24. MSA does not owe Associated a duty to defend in relation to the Underlying Suit.

## COUNT II – DECLARATORY JUDGMENT – DUTY TO INDEMNIFY

25. The plaintiff, MSA, repeats and realleges the allegations set forth in paragraphs 1-24 and incorporates them herein.

26. MSA does not owe Associated a duty to indemnify in relation to the Underlying Suit.

WHEREFORE, the plaintiff, Main Street America Assurance Company, seeks a judgment declaring that it has no duty to defend and/or indemnify Associated with respect to the Underlying Suit and awarding any other relief this Court deems just and proper.

**THE PLAINTIFF, MAIN STREET AMERICA ASSURANCE COMPANY, CLAIMS A JURY TRIAL ON ALL ISSUES.**

                                                   Plaintiff,
MAIN STREET AMERICA ASSURANCE COMPANY,
By Its Attorneys:

*/s/ Scott T. Ober*

_____
Scott T. Ober, Esquire (#567666)
sober@hassettdonnelly.com
Casey L. McCaffrey, Esquire (#690407)
cmccaffrey@hassettdonnelly.com
Hassett & Donnelly, P.C.
446 Main Street, 12th Floor
Worcester, MA  01609
(508) 791-6287

Dated:  August 20, 2021